**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-4882**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES HENRY ROBINSON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (CR-03-3-CCB)

───────────────

Submitted: August 20, 2004        Decided: September 30, 2004

───────────────

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Joseph J. Gigliotti, Silver Spring, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Ari S. Casper, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Henry Robinson appeals from the judgment of the district court convicting him of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g). Robinson claims that the district court erred in denying his motion to suppress. Finding no error, we affirm.[*]

We review legal conclusions de novo, while reviewing factual findings for clear error. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Robinson first claims that the district court erred in finding that he was advised of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Detective L.T. Seals

---

[*]Counsel for Robinson has filed a motion seeking permission to provide supplemental argument to challenge certain aspects of Robinson's sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004). The motion is hereby granted, and the motion to file supplemental argument is deemed to provide the supplemental argument regarding the effects of Blakely. After consideration of the order issued by the en banc court in United States v. Hammoud, No. 03-4253, 2004 WL 17030309 (4th Cir. Aug. 2, 2004)(order), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193), we find no error in Robinson's sentence.

testified that he recited the <u>Miranda</u> warnings twice to Robinson, first on a neighbor's porch and then in Robinson's living room. Moreover, Detective Seals, Detective Matt Knight, and Sergeant A.J. Bickauskus testified that Robinson was given <u>Miranda</u> warnings inside the living room, and that he acknowledged his understanding of those warnings. Further, Robinson's witnesses, Stacie Nelson and Wendell Woodard, Jr., provided contradictory testimony as to whether the officers advised Robinson of his <u>Miranda</u> rights. The district court found the officers' testimony credible, and such credibility findings are not generally reviewable. <u>See</u> <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). Therefore, the district court did not clearly err in finding that Robinson received the <u>Miranda</u> warnings.

Next, Robinson claims that even if he was provided with the <u>Miranda</u> rights, his statements following the warnings were coerced because he did not freely and voluntarily waive his right to silence. We have reviewed the record and conclude that under the totality of the circumstances the incriminating statements Robinson made after waiving his <u>Miranda</u> rights were voluntary. <u>See</u> <u>United States v. Cristobal</u>, 293 F.3d 134, 139-40 (4th Cir.), <u>cert. denied</u>, 537 U.S. 963 (2002).

Accordingly, we affirm Robinson's conviction. We dispense with oral argument because the facts and legal contentions

- 3 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED